ARKANSAS MIDLAND RAILROAD COMPANY *v.* MOODY.

Opinion delivered March 29, 1909.

EVIDENCE—BURDEN OF PROOF—MATTER OF DEFENSE.—Where a railroad company, sued for failure to deliver cotton in good order to the consignee, defends upon the ground that the cotton was delivered in good condition to a certain compress company as agent of the consignee, the burden of proving such agency is on the defendant.

Appeal from Monroe Circuit Court; *Eugene Lankford,* Judge ; affirmed.

### STATEMENT BY THE COURT.

Appellee shipped over appellant's line of railway from Blackton to Helena two bales of cotton weighing 1120 pounds, and worth 11½ cents per pound. The cotton was consigned to Lee Pendergrass. The cotton was shipped on the 29th day of November, 1906.. The cotton was in good condition when received by the appellant. It was shipped under a limited liability contract entered into with appellee for a reduced consideration in the freight rate. The uncontradicted proof was that the cotton was delivered by appellant to the compress company at Helena, December 5, 1906, and received by it as in "good order." The compress company delivered the cotton to the consignee December 7, 1906. The bales were marked damaged. They were sold at a fair market value for cotton of the character, and netted $47.48. They should have netted appellee, but for their damaged condition, the sum of $128.38. He sued the appellant and also the compress company for the difference, $77.20, alleging joint negligence.

The court instructed the jury at the request of appellee as follows:

"The court instructs the jury that if they find from the evidence in this case that defendant railway company received the two bales of cotton in controversy at Blackton, Arkansas, and agreed in its bill of lading to deliver said two bales of cotton to Lee Pendergrass at Helena, Arkansas, and failed to do so, that is, deliver them in a reasonable time, then the defendant railway company is liable to the plaintiff for said cotton or its value."

2. "The court instructs the jury that the defendant railway company cannot escape liability to plaintiff for failing to deliver said cotton to Pendergrass in good order in a reasonable time by delivering same to any other person, party or corporation, unless they had authority from said consignee to do so."

Appellant duly objected and excepted.

And at the request of appellant gave the following:

3. "If you find from the testimony that the Citizen's Compress Company was the agent of Lee Pendergrass, the consignee of the cotton in controversy, and that the railroad company delivered said cotton to the said compress company in good condition, then your verdict should be for the defendant, Arkansas Midland Railroad Company."

The following prayers of appellant were refused:

1. "You are instructed to return a verdict for the defendant Arkansas Midland Railroad Company."

2. "If you find from the evidence that the persons to whom the cotton in controversy was consigned were accustomed to have cotton consigned to him or them delivered to the Citizen's Compress Company, and you further find from the evidence that the cotton sued for was delivered in good condition by the defendant railroad company to said compress company, then your verdict should be for the defendant, Arkansas Midland Railroad Company."

The verdict and judgment were in favor of appellee against appellant and the compress company for $77.32, and appellant railroad company prosecutes this appeal.

*E. B. Kinsworthy, Lewis Rhoton* and *Thos. T. Dickinson,* for appellant.

*H. A. Parker,* for appellee.

WOOD, J., (after stating the facts.) The agent of the compress company, who received the cotton from appellant at Helena, testified: "That the letters 'O. K.,' over his signature on the receipt, indicated that the three bales of cotton from H. W. Moody to Lee Pendergrass were received by the Citizen's Compress Company in good order on the 5th day of December, 1906."

If the compress company was the agent of Pendergrass, the consignee, then, when the cotton was delivered to it in "good order," the duty of appellant was terminated, and it was no longer liable to appellee. If, on the other hand, the appellant has failed to show that the compress company was the agent of Pendergrass, then it has not discharged its duty under the

contract, and is liable for the damages resultant. The only question then is, does the uncontroverted evidence show that the compress company was the agent of Pendergrass?

The testimony of the agent of the compress company is that the company received the three bales of cotton shipped by Moody to Lee Pendergrass on December 5, 1906, in good order, and that the company handled other cotton shipped to Lee Pendergrass. Sometimes he had several hundred bales stored with the compress. So far as he knew, the Citizen's Compress Company, of which he was agent, received "all cotton consigned to Lee Pendergrass." There was another compress and cotton warehouse at Helena at the time. It was the custom for cotton consigned to commission merchants or cotton factors to be delivered to the compress company. Appellee objected to the evidence as shown by the last sentence above.

The appellant did not prove beyond controversy the existence of a custom "that would justify it in delivering the cotton to the compress company as the agent of Pendergrass. *Merchants' Grocery Co.* v. *Ladoga Canning Co.,* 89 Ark. 591; *Ward Furniture Mfg. Co.* v. *Isbell,* 81 Ark. 549. The burden as to this was on appellant. The court properly submitted the question as to whether the compress company was the agent of Pendergrass, and it was a jury question. There was no error in the rulings of the court. The verdict is sustained by the evidence. The judgment is therefore correct, and is affirmed.